IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PHILLIP BAILEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 19-cv-974-NJR |
|  | ) |  |
| MENARD CORRECTIONAL CENTER and TRACE A. BROWN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Phillip Bailey, an individual who is currently being held at Jackson County Jail, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard"). In the Complaint, Bailey alleges Defendant Trace A. Brown failed to protect him from an inmate assault. He asserts claims against the defendant under the Eighth Amendment. Bailey seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

In his Complaint, Bailey makes the following allegations: On February 9, 2019, while he was in receiving at Menard, Bailey had an altercation with Inmate Richard "Tattoo". Inmate Richard was handing out food when he heard Bailey make a comment that angered him. (Doc. 1, p. 6). Sergeant Trace A. Brown opened Bailey's locked cell door to allow Inmate Richard into the cell so that he could assault Bailey. Inmate Richard beat Bailey, and Bailey's cellmate had to intervene. Sergeant Brown was later charged by Randolph County for his role in the assault. (*Id*.). Bailey did not receive medical treatment until a week later.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** **Trace A. Brown failed to protect Bailey from the assault by Inmate Richard in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

*Preliminary Dismissals*

To the extent that Menard Correctional Center is listed as a party in Bailey's caption, the correctional center is not a proper party. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001)

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Thus, Bailey cannot maintain his claim against Menard because it is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, Menard is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

Bailey also identifies Inmate Richard as a defendant. (Doc. 1, p. 2). Section 1983 is only applicable to those acting under color of law, such as prison officials. *See* 42 U.S.C. § 1983; *Henderson v. Pate,* 409 F.2d 507, 508 (7th Cir.1969) (absent any evidence that an aggressor-inmate was acting under color of law, that inmate cannot be held liable under Section 1983); *See West v. Atkins,* 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"). There are no allegations in the Complaint to suggest Inmate Richard was acting under color of state law when he attacked Bailey. Therefore, Inmate Richard is **DISMISSED with prejudice**.

Finally, Bailey's Complaint alleges that he was denied medical treatment and seeks relief from the staff that failed to treat him. (Doc. 1, pp. 6-7). He does not, however, associate any named Defendant with that claim. As such, his claim regarding the care he received after the assault is **DISMISSED without prejudice**.

*Count 1*

Bailey states a viable claim against Brown for failing to protect Bailey from the assault by Inmate Richard. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010).

## Motion for Counsel

As to the motion for counsel (Doc. 3), Bailey alleges he has contacted an attorney and attaches a response from one attorney who declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendant has not yet been served nor has a discovery schedule been entered. Bailey's motion for counsel (Doc. 3) is **DENIED** without prejudice. Bailey may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons set forth above, Count 1 shall proceed against Trace A. Brown. Menard Correctional Center is **DISMISSED with prejudice**, and the Clerk is **DIRECTED** to **TERMINATE** Menard from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendant Trace A. Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Memorandum and Order to the defendant's place of employment as identified by Bailey. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Bailey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Bailey, and the judgment includes the payment of costs under Section 1915, Bailey will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Bailey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/7/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**